35 N.J. Super. 346 (1955)
114 A.2d 16
CECELIA PRESSEY, PLAINTIFF,
v.
LAWRENCE HEATH, SR., DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 2, 1955.
*347 Mr. Hiram Steelman for plaintiff (Messrs. Steelman & Lazarow, attorneys).
Mr. Marvin Z. Wallen, guardian ad litem of defendant Lawrence Heath, Sr.
HANEMAN, J.S.C.
Plaintiff herein seeks to set aside a conveyance of real estate situate in the City of Pleasantville, County of Atlantic and State of New Jersey, to the defendant.
*348 The facts in connection herewith are as follows: Plaintiff herein, a woman of the age of 68 years, acquired title to premises known as 308 Tilton Road, Pleasantville, New Jersey, in 1925. She thereafter had constructed thereon a small dwelling house. In 1927 her daughter, who was married to the defendant, having given birth to a son, died. Plaintiff supported herself through her own efforts as a housemaid. Some time prior to 1951 she became seriously ill and was unable either to take care of her normal employment, or to take care of herself. At about this time the defendant and a woman known as Edith "Heath," moved into the premises with plaintiff. At the defendant's suggestion that he would maintain and support the plaintiff and pay the carrying charges upon said premises provided she would convey the same to him, she did so convey, on or about April 30, 1951. The deed was prepared, at her request, by a reputable member of the Bar of the State of New Jersey, William A. Dart, Esq., from whom she had the benefit of independent advice.
The deed contained the following phraseology:
"As a portion of the consideration by the grantee to the grantor herein, said grantee promises to furnish and maintain a suitable home for the remainder of her natural life with the right of ingress and egress and full enjoyment as a home and without any future charge for its upkeep, etc."
At or about the same time the deed was executed, and without the knowledge of the said William A. Dart, Esq., the plaintiff delivered and transferred to the defendant all of the balance of her worldly assets, i.e., $200 in cash, $120 in a Postal Savings Account, and an endowment policy.
The plaintiff, the defendant and Edith Heath continued to occupy the premises for some time thereafter, although the situation between them was neither too amicable nor too friendly.
On or about January 12, 1953 the defendant was confined in the Atlantic County Hospital for Mental Diseases, suffering from maniac depressive psychosis, and has continued in said institution to the date hereof. Upon application duly *349 made, Marvin Z. Wallen, Esq., was appointed guardian ad litem for the said defendant.
From the date of the defendant's commitment to the Atlantic County Mental Hospital he has made no contribution to the maintenance and support of the plaintiff, nor has he made any payments toward the carrying charges or upkeep of the real estate here involved. He is apparently without any separate funds or income, his maintenance and keep in the Atlantic County Mental Hospital being paid by the said Edith Heath who, although not actually his wife, has assumed the burden of said payments.
Plaintiff's action is bottomed on two theories: (1) that the deed to the defendant should be set aside upon the ground that he bore a fiduciary relationship to her at the time of the conveyance; that she did not have the benefit of independent advice; that she pauperized herself by said conveyance, and that there was no consideration for the said conveyance; and (2) that there was a failure of consideration.
I find that the plaintiff has failed in two vital respects in her proof on the first theory, i.e., independent advice and lack of consideration. As above stated, I find that she had the benefit of independent advice.
The conveyance here involved was not a mere voluntary gift. A provision for support, as here made, constitutes a valuable consideration. When a conveyance upon such a consideration is made by one having the mental capacity to make it, absent any fraud, duress or undue influence, it will be sustained. Soper v. Cisco, 85 N.J. Eq. 165 (E. & A. 1915); Daly v. Eichkoff, 98 N.J. Eq. 404 (E. & A. 1924); Matthews v. Craven, 124 N.J. Eq. 455 (Ch. 1938).
I find that on the date of the conveyance the plaintiff had the mental capacity to make the conveyance and that there was no fraud, duress or undue influence in connection therewith.
In the light of the lack of proof of these two vital elements, the plaintiff cannot succeed on this theory.
However, I do find from the testimony that the defendant failed to perform the duties and obligations cast upon him *350 by virtue of his contractual undertaking and so failed to comply with his promise, which was the consideration for the conveyance. This constituted an implied repudiation or a material breach of the contract. This has sometimes been loosely referred to as a failure of consideration. Although perhaps strictly and technically this is a misnomer, since the defendant's promise and not his performance was the consideration, the substance of the matter is the same, insofar as it concerns the measure of the detriment to the promisee. Williston on Contracts, sec. 814.
Where there has occurred such a material breach or failure of consideration, the aggrieved party may, under certain circumstances, have alternative remedies, either by an action for damages or for rescission and restitution. This is especially true where the aggrieved party has fully performed and has no other adequate compensatory relief available. Where the consideration for the conveyance is a promise to support the grantor, failure by the grantee to perform will ordinarily justify rescission and cancellation of the conveyance. Pironi v. Corrigan, 47 N.J. Eq. 135 (Ch. 1890), reversed on other grounds, Corrigan v. Pironi, 48 N.J. Eq. 607 (E. & A. 1891); Mott v. Mott, 49 N.J. Eq. 192 (Ch. 1891); Williston on Contracts, sec. 1455, 1456; Restatement of the Law, Contracts, sec. 354; Doughten v. Camden Building & Loan Ass'n, 41 N.J. Eq. 556 (E. & A. 1886).
Since the defendant has failed to comply with his agreement to support and maintain the plaintiff, the deed to him will be set aside.
Judgment will be entered accordingly.